ROIG COMMERCIAL BANK, Plaintiff and Appellee, v. SUCCES-SION OF E. LUGO-VIÑA composed of LUCÍA R. DE LUGO-VIÑA and EDUARDO, AURORA, ANDRÉS and LUCÍA LUGO-VIÑA, Defendants and Appellants.

No. 3621. Argued April 13, 1925.—Decided April 21, 1925.

1. APPEAL—NOTICE OF APPEAL.—Although the proper manner of taking an appeal is to give written notice thereof directly to the adverse party and to the clerk of the court, yet it is sufficient when such notice clearly appears from a pleading filed as a "motion for appeal."

2. ID.—ID.—SERVICE BY MAIL—AFFIDAVIT.—An affidavit to show that a copy of the notice of appeal had been sent by mail should state the name of the post office in which the envelope containing such copy was deposited; however, an appeal will not be dismissed if this information may be deduced from the affidavit as a whole.

3. ID.—ID.—ID.—ID.—PREPAYMENT OF POSTAGE.—When a notice of appeal is sent by mail and the affidavit to that effect fails to state that the postage was prepaid the appellant does not prove service of the notice and the appeal will be dismissed for lack of jurisdiction.

MOTION by the appellee for dismissal of the appeal. *Sustained.*

*Manuel F. Rossy* for the appellant. *González Fagundo & González, Jr.,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

It is moved to dismiss this appeal on the grounds that the notice of appeal was not addressed to the clerk of the court; that the name of the post office in which the copy sent to the adverse party was deposited is not stated; that it was not said whether the postage was properly prepaid, and that the appeal is frivolous.

[1] It is a fact that the notice of appeal filed does not conform to the practice followed in Porto Rico and recommended by all of the form-books that we have examined, in harmony with the English text of section 296 of the Code of Civil Procedure (Comp. 1911, sec. 5340). Instead of filing a notice addressed to the clerk of the court and to the attorney for the adverse party the attorney for the appellants filed a pleading headed "Motion for Appeal." It is important that the pleading should be in the form of a

notice so as to draw directly the attention of the official and of the other party to the matter. However, as from the "motion" referred to it appears without doubt that an appeal was intended, the irregular form of the pleading is not a sufficient ground for dismissal of the appeal.

[2] The affidavit of service reads as follows:

"I, the undersigned, declare that I am the attorney for Lucía Rossy de Lugo Viña, the appellant in this case, and that I have on this day deposited in the post office of this city an envelope containing a copy of this motion of appeal addressed to the plaintiff's attorney, Francisco González Fagundo, whose office is in Humacao, for the purpose of giving him notice of said appeal.—(Signed) Manuel F. Rossy.

"Sworn and subscribed to by Manuel F. Rossy, attorney at law, of age and resident of this city, personally known to me.

"San Juan, March 27, 1925.—(Signed) Edo. Pérez Casalduc, Clerk of the Court. J. E. Gelpí, Deputy."

Although the name of the post office in which the envelope was deposited is not expressly stated, as it should be, the inference is that it was the post office of San Juan. Hence, the appeal will not be dismissed on this ground.

[3] It is not said in the affidavit, nor can it be deduced therefrom, that the postage was prepaid. To constitute "service by mail" the statute positively requires that the postage be prepaid. Section 322 of the Code of Civil Procedure (Comp. 1911, sec. 5366).

It is the duty of the appellant to show that his appeal was properly taken. Otherwise the jurisdiction of this court will not appear from the record. In order that an appeal may be considered as having been properly taken it is necessary that notice thereof be given to the clerk of the court and to the attorney or attorneys for the adverse party or parties. Here it appears that notice of the appeal was given to the clerk, but not to the adverse party for the reason that the appellant elected to make the service by mail and did not show that the postage was prepaid.

Such being the case, it does not appear that this court has acquired jurisdiction and the appeal must be dismissed.

Although in view of the foregoing it is not necessary to consider whether or not the appeal is frivolous, we desire to say that from an examination of the record we are inclined to believe that there is no solid ground of appeal.